IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WILLIE ESTRADA | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | NO. 3-08-CV-0866-G |
| | § | |
| DAVID BERKEBILE, Warden, | § | |
| FCI-Seagoville | § | |
| | § | |
| Respondent. | § | |

**FINDINGS AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Willie Estrada, a federal prisoner, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the reasons stated herein, the application should be dismissed for lack of subject matter jurisdiction.

I.

In 2007, petitioner was sentenced to 97 months confinement following his conviction on federal drug charges. His projected release date is May 16, 2013.[1] Although he is not scheduled for release for nearly five more years, petitioner believes that he is eligible for placement in a halfway house or Community Corrections Center ("CCC"). At the time petitioner requested CCC placement, regulations promulgated by the Bureau of Prisons ("BOP") provided that only inmates who are serving the final 10% of their term of imprisonment, not to exceed six months, were eligible for review. One regulation, 28 C.F.R. § 570.20, provides, in pertinent part:

> This subpart provides the Bureau of Prisons' (Bureau) categorical exercise of discretion for designating inmates to community

---

[1] This projected release date assumes that petitioner receives all available good conduct time credits.

confinement. The Bureau designates inmates to community confinement only as part of pre-release custody and programming which will afford the prisoner a reasonable opportunity to adjust to and prepare for re-entry into the community.

Another regulation, 28 C.F.R. § 570.21, addresses the timing of CCC designations:

> (a) The Bureau will designate inmates to community confinement only as part of pre-release custody and programming, during the last ten percent of the prison sentence being served, not to exceed six months.
>
> (b) We may exceed these time-frames only when specific Bureau programs allow greater periods of community confinement, as provided by separate statutory authority (for example, residential substance abuse treatment program . . ., or shock incarceration program . . .).

However, contrary to the regulations giving the BOP categorical discretion in making CCC placement decisions, 18 U.S.C. § 3621(b) requires prison authorities to consider five specific factors in designating a place of imprisonment. Those factors are:

> (1) the resources of the facility contemplated;
>
> (2) the nature and circumstances of the offense;
>
> (3) the history and characteristics of the prisoner;
>
> (4) any statement by the court that imposed the sentence--
>
>> (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
>>
>> (B) recommending a type of penal or correctional facility as appropriate; and
>
> (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

18 U.S.C. § 3621(b). By this suit, petitioner asks the court to invalidate the BOP regulations that are contrary to the statute and to order respondent to make a good faith determination as to whether

he should be placed in a halfway house or CCC considering the factors set forth in 18 U.S.C. § 3621(b).[2]

II.

In his response to petitioner's writ, respondent argues that this case is not ripe for adjudication. Article III of the United States Constitution confines federal courts to deciding "cases and controversies." *Shields v. Norton*, 289 F.3d 832, 834-35 (5th Cir.), *cert. denied*, 123 S.Ct. 663 (2002). A case or controversy must be ripe for decision; that is, it must not be premature or speculative. *Id.* "Ripeness" is a constitutional prerequisite to the exercise of federal jurisdiction. *Id.*; *see also Abbott Laboratories v. Gardner*, 387 U.S. 136, 148-49, 87 S.Ct. 1507, 1515, 18 L.Ed.2d 681 (1967).

The evidence submitted by respondent shows that petitioner was initially deemed ineligible for placement in a halfway house or a CCC under the criteria established by Program Statement 7310.04 ("PS 7310.04"). (*See* Resp. App., Edwards Decl., Attch. at 1). Section 8 of PS 7310.04, under the heading "Release Plan," provides, in pertinent part:

---

[2] With one exception, every judge in this district who has considered the issue has held that the BOP may not categorically limit its ability to consider the factors established by Congress for making placement and transfer determinations, including placement in a halfway house or CCC. *See Mihailovich v. Berkebile*, No. 3-06-CV-1603-N, 2007 WL 942091 (N.D. Tex. Mar. 28, 2007); *Briggs v. Van Buren*, No. 4-06-CV-800-Y, 2007 WL 3019238 (N.D. Tex. Oct. 16, 2007); *Grote v. Berkebile*, No. 3-07-CV-863-B, 2007 WL 4302933 (N.D. Tex. Dec. 5, 2007); *Bunch v. Berkebile*, No. 3-07-CV-0719-B, 2008 WL 323153 (N.D. Tex. Feb. 6, 2008); *Crawford v. Berkebile*, No. 3-07-CV-0791-B, 2008 WL 323155 (N.D. Tex. Feb. 6, 2008), *app. docketed*, No. 08-10312 (Apr. 4, 2008); *Archibald v. Berkebile*, No. 3-07-CV-1672-K, 2008 WL 540699 (N.D. Tex. Feb. 24, 2008); *Griffin v. Berkebile*, No. 3-07-CV-0730-B, 2008 WL 623343 (N.D. Tex. Mar. 5, 2008); *Richardson v. Berkebile*, No. 3-07-CV-0732-B, 2008 WL 623348 (N.D. Tex. Mar. 5, 2008); *Monigold v. Berkebile*, No. 3-07-CV-0750-B, 2008 WL 623350 (N.D. Tex. Mar. 5, 2008); *Flores v. Berkebile*, No. 3-07-CV-0778-B, 2008 WL 623385 (N.D. Tex. Mar. 5, 2008); *Maldonado v. Berkebile*, No. 3-07-CV-0779-B, 2008 WL 623388 (N.D. Tex. Mar. 5, 2008); *Philippi v. Berkebile*, No. 3-07-CV-0786-B, 2008 WL 623390 (N.D. Tex. Mar. 5, 2008); *Miller v. Berkebile*, No. 3-07-CV-0712-B, 2008 WL 635552 (N.D. Tex. Mar. 10, 2008), *app. docketed*, No. 08-10324 (Apr. 9, 2008); *Cadotte v. Berkebile*, No. 3-07-CV-0799-B (N.D. Tex. Mar. 5, 2008); *but see Tischendorf v. Van Buren*, No. 4-07-CV-0273-A, 526 F.Supp.2d 606 (N.D. Tex. 2007), *appeal docketed*, No. 07-11262 (Dec. 11, 2007) (disagreeing with prior holdings in *Mihailovich* and *Briggs*).

> A final and specific release preparation plan, including a decision as to CCC referral, is normally established at a team meeting no later than 11 to 13 months before an inmate's projected release date.

PS 7310.04, § 8(c) (Dec. 16, 1998). Section 12 of the program statement, under the heading "CCC Referral Procedures," provides:

> Normally 11 to 13 months before each inmate's probable release date, the unit team shall decide whether to refer an inmate to a Community Corrections program.

*Id.*, § 12. Shortly after this initial decision was made, the Second Chance Act of 2007, Pub. L. No. 110-199 (Apr. 9, 2008), was signed into law. The Act, which amends 18 U.S.C. § 3624(c)(1), increases the maximum allowable time frame for pre-release CCC placement to 12 months and requires the BOP to make placement decisions on an individual basis consistent with the criteria set forth in the statute. Consistent with the new law, the BOP has revised its policies to require the review of inmates for CCC placement 17-19 months before their projected release date. (*See* Resp. App., Edwards Decl., Attch. at 3). As of today, petitioner is not scheduled for release for nearly *five more years*. Under these circumstances, his claims involving the validity of 28 C.F.R. §§ 570.20 and 570.21, or the new BOP policies governing CCC placement, are not ripe for review. *See Santos v. Berkebile*, No. 3-08-CV-0192-D, 2008 WL 2330920 at *2 (N.D. Tex. Jun. 5, 2008) (holding that claims brought by federal prisoner challenging the validity of sections 570.20 and 570.21, brought more than 18 months before his projected release, were not ripe for review); *Cotton v. Tamez*, No. 4-07-CV-701-A, 2008 WL 495843 at *3 (N.D. Tex. Feb. 19, 2008) (same).[3]

III.

Petitioner also argues that PS 7310.04 is invalid for the same reasons as 28 C.F.R. §§ 570.20 and 570.21. As previously discussed, the BOP no longer uses this program statement in making

---

[3] The court notes that the Second Chance Act of 2007 likely will render moot any subsequent challenge to the validity of 28 C.F.R. §§ 570.20 and 570.21. *See Santos*, 2008 WL 2330920 at *2 n.3.

CCC placement decisions. Instead, new policies implemented in the wake of the Second Chance Act of 2007 require the review of inmates for CCC placement 17-19 months before their projected release date. Consequently, any claims challenging the validity of PS 7310.04 should be dismissed as moot.

## **RECOMMENDATION**

Petitioner's application for writ of habeas corpus should be dismissed for lack of subject matter jurisdiction.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: July 25, 2008.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE